**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**SCHOOL-TIMER FROCKS, Inc., Respondent.**

No. 6981.

United States Court of Appeals Fourth Circuit.

Argued Oct. 8, 1957.

Decided Oct. 17, 1957.

Julius G. Serot, Attorney, National Labor Relations Board, Washington, D. C. (Jerome D. Fenton, General Counsel, Stephen Leonard, Associate General Counsel, and Winthrop A. Johns, Asst. Gen. Counsel, Washington, D. C., on brief), for petitioner.

Henry T. Gaud, Charleston, S. C., for respondent.

Before PARKER, Chief Judge, and SOPER and SOBELOFF, Circuit Judges.

PER CURIAM.

This is a proceeding in civil contempt instituted by the National Labor Relations Board to compel compliance by School-Timer Frocks, Inc. with a decree of this Court enforcing an order of the Board which required the reinstatement with back pay of one Junelle Griffin, found by the Board to have been discharged because of union activity. N. L. R. B. v. School-Timer Frocks, 4 Cir., 224 F.2d 336. It was alleged by the Board that, although Junelle Griffin had been reemployed by the respondent shortly after this Court's decree, she had been discharged without reason less than a month after her reemployment, and it was contended that there had been no good faith compliance with the decree. The matter was referred to a Special Master, who afforded the parties a full hearing and has reported to the Court the evidence taken with a finding that respondent has been guilty of contempt.

We have examined the evidence and think that the finding of the Special Master that respondent has been guilty of contempt should be approved and confirmed. It appears that after the entry of the decree of this Court on July 14, 1955, respondent reemployed Junelle Griffin on July 28, 1955 but dis-

charged her on August 26, 1955, less than a month later, and gave her no reason for this discharge. It further appears that respondent had been advised by its attorney that after reemploying Griffin it could discharge her at any time with reason or without reason. Respondent introduced evidence before the Special Master that Griffin was discharged because of complaints of other employees and because of bad conduct and bad language on her part. The testimony to this effect is entirely unsatisfactory and there is ample support for the Special Master's finding that this was not the real basis for the discharge, but that she was discharged "because the respondent wanted to get rid of her and desired to exercise a power which they thought they had of discharging her without any other reason as a basis." In further elaboration of this the Special Master found:

"I further find that the respondent had been ordered on July 14, 1955 to reinstate Mrs. Griffin, and she had been reinstated—that her work was good—that her work was in no wise related to the performance of good work by other employees—that though the other employees may not have liked her, (this is understandable after hearing the testimony), they did not have to associate with her as though they were members of the same social club—that I can also understand the respondent's desire to get rid of Mrs. Griffin—and in view of these findings, I do conclude as a matter of fact and law that the respondent, acting in good faith, under the order of July 14, 1955 should not have exercised its power to discharge Mrs. Griffin so soon after her reinstatement. What period of time should have elapsed before exercising its power to discharge, I am not called upon here to state, but I do find that exercising this power within 28 or 29 days after reinstatement carries with it an implication of disobedience to the order, and that the testimony as to the circumstances surrounding the discharge did not reveal such a critical need for her discharge insofar as the proper operation of the plant was concerned as to overcome this implication."

The Court expects its orders and decrees to be obeyed; and, where there has been wilful disobedience of these, there should be punishment by way of criminal contempt as well as the entry of such orders in civil contempt proceedings as will enforce obedience. In this case no proceedings in criminal contempt have been asked; and the circumstances are not such that the Court feels impelled to direct the institution of such proceedings of its own motion. The Court will, however, enter an order adjudging respondent in contempt and requiring prompt obedience to its decree directing compliance with the order of the Board and the good faith reinstatement of Junelle Griffin in compliance with the terms of that order. Within thirty days of the entry of the order herein, the respondent School-Timer Frocks, Inc. shall in good faith offer to Junelle Griffin reinstatement to her former position in accordance with the order of the National Labor Relations Board; and respondent School-Timer Frocks shall pay a fine of One Hundred Dollars ($100.00) per day for each day following the expiration of such thirty day period that it fails to comply with such order. Respondent shall promptly report to the Court action taken pursuant to the order.